NO. 07-10-00521-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
16, 2011

 



 

PAMELA JO BROWN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 320TH DISTRICT COURT OF
POTTER COUNTY;

 

NO. 61,311-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Pamela Jo Brown entered an
open plea of guilty to the charge of theft of property under $1,500, third
offense.[1]  She also plead true to two prior felony
convictions enhancing the punishment to a third-degree felony.[2]  The court assessed punishment at eight years
confinement in prison.  Her
court-appointed appellate counsel has filed a motion to withdraw supported by
an Anders[3]
brief.  We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.

Besides pleading guilty in open court
to the charged offense and true to the enhancements, appellant signed a writing
waiving the right to trial by jury, and the appearance, confrontation, and
cross-examination of witnesses, and consenting to oral and written stipulations
of evidence.  Appellant also executed a
“judicial confession” stating she “committed each and every allegation”
contained in the indictment.  The State
introduced evidence of prior convictions including two thefts and those alleged
by the indictment for enhancement of punishment.  

At the punishment phase, on direct
examination, appellant testified “I’m guilty” of the indicted offense.  She then presented her case-in-chief.  It centered on a request for probation
because of her parents’ disabilities and their resulting need of her
assistance.  On cross-examination,
appellant agreed she had prior convictions including theft, forgery, possession
of a controlled substance, possession of drug paraphernalia, and criminal
trespass of a habitation.  

After the parties closed, the court
found appellant guilty and pronounced sentence. 
This appeal followed.

Appellant’s appointed appellate
counsel has filed a motion to withdraw supported by an Anders brief.  In counsel’s
opinion, nothing in the record establishes reversible error.  The brief reviews the record and the evidence
presented at the hearing.  Counsel
discusses three grounds of potential error but concludes none constitutes
reversible error.  Correspondence from
counsel to appellant indicates counsel supplied appellant a copy of the Anders brief and counsel’s motion to
withdraw.  The correspondence also points
out the right of appellant to review the record and file a pro se response and her right to file a pro se petition for discretionary review in the Court of Criminal
Appeals should she receive an adverse decision by this court.  By letter, this court also notified appellant
of her opportunity to submit a response to the Anders brief and motion to withdraw filed by her counsel.  Appellant did not file a response.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record in each matter.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.).  If this court determines the appeal arguably
has merit, we will remand it to the trial court for appointment of new counsel. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).  We have reviewed the entire record to
determine whether there are any arguable grounds which might support an
appeal.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Bledsoe v. State, 178 S.W.3d
824 (Tex.Crim.App. 2005).  We have found
no such arguable grounds supporting a claim of reversible error, and agree with
counsel that the appeal is frivolous.

Accordingly, we grant counsel’s
motion to withdraw[4]
and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

 

 

 











[1] See
Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011) (providing theft of property
valued at less than $1,500 is a state jail felony if the defendant has two or
more prior final convictions of any grade of theft).





[2] On a showing at the trial of a state
jail felony that the defendant has two prior final convictions for state jail
felonies, on conviction the defendant shall be punished for a third-degree
felony.  Tex. Penal Code Ann. §
12.42(a)(1) (West 2011). The range of punishment for an individual adjudged
guilty of a third-degree felony is imprisonment for 2 to 10 years in the Texas
Department of Criminal Justice and a fine not exceeding $10,000 may also be
assessed.  Tex. Penal Code Ann. §
12.34(a)(b) (West 2011).





[3] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see In re Schulman, 252 S.W.3d 403
(Tex.Crim.App. 2008) (orig. proceeding).





[4] Counsel shall, within five days after the opinion is
handed down, send his client a copy of the opinion and judgment, along with
notification of the defendant’s right to file a pro se petition for discretionary review.  Tex. R. App. P. 48.4.